UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD VERT,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 2:15-cv-00279 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 14, 15).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to address the most recent opinion of Dr. Kelly Barbour, M.D when assessing plaintiff's residual functional capacity ("RFC"). Because the RFC could have

ORDER ON PLAINTIFF'S COMPLAINT - 1

included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, RICHARD VERT, was born in 1959 and was 45 years old on the alleged date of disability onset of January 1, 2005 (*see* AR. 173-81). Plaintiff obtained his GED (AR. 65). Most of plaintiff's work experience is as an auto mechanic, but he has also worked as a painter and has done some landscaping (AR. 65-66).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine; cervical strain; adjustment disorder with anxiety; and polysubstance abuse and dependence in remission (20 CFR 416.920(c))" (AR. 24).

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 79-85, 87-97). Plaintiff's requested hearing was held before Administrative Law Judge Glen G. Meyers ("the ALJ") on August 8, 2013 (*see* AR. 39-77). On August 27, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 19-38).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ gave proper weight to the medical opinions in the record; (2) Whether or not the ALJ gave specific, clear, and convincing reasons for finding plaintiff not fully credible; and (3) Whether or not the ALJ erred in finding that plaintiff's COPD was not a severe impairment (*see* Dkt. 11, p. 1). Because this Court reverses and remands the case based on issue 1, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ gave proper weight to the medical opinions in the record.**

Plaintiff contends that the ALJ erred by failing to address the most recent opinion of treating physician Dr. Kelly Barbour, M.D. (*see* Opening Brief, Dkt. 11, p. 6). On December 13, 2011, Dr. Barbour saw plaintiff for the purpose of providing an evaluation for the Department of Social and Health Services ("DSHS") (*see* AR. 273-77). At this visit, Dr. Barbour performed a physical evaluation and provided an assessment of plaintiff's capabilities (*see id.*). In her assessment, Dr. Barbour opined that due to

plaintiff's lower back symptoms, plaintiff could not lift more than ten pounds, sit or stand for more than one to two hours at a time, squat, twist, walk long distances, run, or climb stairs (*see* AR. 276).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and

1 conflicting clinical evidence, stating his interpretation thereof, and making findings."

2 *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881

3 F.2d 747, 751 (9th Cir. 1989)).

4     In addition, the ALJ must explain why her own interpretations, rather than those of

5 the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d

6 at 421-22). But, the Commissioner "may not reject 'significant probative evidence'

7 without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting

8 Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642

9 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for

10 disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

11     Here, the ALJ did not acknowledge Dr. Barbour's opinion from December of 2011

12 and provided no reasons for disregarding the evidence. In the portion of the ALJ's

13 decision in which he evaluated Dr. Barbour's opinion, the ALJ characterized Dr.

14 Barbour's evaluation from April of 2011 as her "most recent evaluation" and provided

15 reasons for discounting that assessment (*see* AR. 31)[1]. While it is unclear whether or not

16 Dr. Barbour did in fact complete the DSHS physical evaluation or functional assessment

17 forms after plaintiff's visit in December of 2011, or why they are not in the record, the

18 report from that visit clearly outlines Dr. Barbour's opinion of plaintiff's functional

19 limitations (*see* AR. 276). These limitations are more restrictive than those expressed in

---

[1] Furthermore, defendant's brief also characterizes Dr. Barbour's evaluation from April of 2011 as the most recent and offers no response to plaintiff's claim that the ALJ erred by failing to acknowledge Dr. Barbour's opinion from December of 2011 (*see* Defendant's Brief, Dkt. 14, pp. 11-13).

ORDER ON PLAINTIFF'S COMPLAINT - 5

Dr. Barbour's assessment from April of 2011 after plaintiff tried to go back to work and was unable to perform the work (*see* AR. 272-77; *compare with* AR. 369-72). Nothing in the records of plaintiff's more recent visits to Dr. Barbour indicates that Dr. Barbour found plaintiff any less restricted after her assessment in December of 2011 (*see, generally,* AR. 256-71). Accordingly, the ALJ erred by failing to address this significant probative evidence without explanation.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

Here, the ALJ found that plaintiff was capable of light work, with the only additional physical restriction being a limitation to frequent use of his bilateral hands (*see* AR. 26). Because the ALJ improperly failed to address Dr. Barbour's most recent opinion containing further restrictions in forming that RFC, and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issues are unresolved conflicts in the medical evidence and whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 3rd day of September, 2015.

J. Richard Creatura
United States Magistrate Judge